IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

NANCY LEE CARLSON,

    *Movant*,

v.

The UNITED STATES OF AMERICA, and the NATIONAL AERONAUTICS AND SPACE ADMINISTRATION,

    *Respondents*.

Case No. 4:16-MC-2983

## MOTION FOR RETURN OF ILLEGALLY SEIZED PROPERTY

Pursuant to Fed. R. Crim. P. 41(g), Nancy Lee Carlson moves the Court to order the Federal Government to return property, one Lunar Sample Collection Bag flown on the Apollo 11 mission (Lunar Bag), illegally seized by the Government, in particular the National Aeronautics and Space Administration (NASA), on or around April 25, 2016. The specifics of the seizure are in the attached decision by the United States District Court for the District of Kansas, which establishes Nancy Carlson as the owner, and is incorporated here.

## Memorandum

Rule 41(g) states:

> **Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Concerning the Lunar Bag, proper venue for a Rule 41(g) motion is the United States District Court for the Southern District of Texas, even though the decision establishing Nancy Carlson as the owner was in a criminal case (United States v. Ary,

1102404v1

case no. 05-10053) in the District of Kansas, because the Lunar Bag was seized and is being kept by the Government in Houston. As Judge J. Thomas Marten states in his opinion on ownership of the Lunar Bag:

> Ms. Carlson moves for return of the bag pursuant to Fed. R. Crim. P. 41(g). According to the briefs, the bag was seized by NASA in Texas. As movant recognizes in her motion, Rule 41(g) requires that the motion "must be filed in the district where the property was seized." This court is accordingly without authority to grant such a motion.

*United States v. Ary*, case no. 05-10053 at 15 (D. Kan. Dec. 14, 2016).

Therefore, as the owner of the Lunar Bag, Nancy Carlson requests the Court order its immediate return by the Government and NASA to her under "reasonable conditions to protect access to the property and its use in later proceedings," if necessary, and award Carlson the costs of this motion, if any, plus reasonable attorney's fees expended in prosecuting the motion, pursuant to 28 U.S.C. § 2412.

Respectfully Submitted,

**GUTHEINZ LAW FIRM, LLP**
307 S. Friendswood Dr., Suite B3
Friendswood, Texas  77546
T: (281) 992-0200
F: (281) 992-0208

By:    /s/ Joseph R. Gutheinz, Jr.
Joseph R. Gutheinz, Jr.
State Bar No. 00798228
Joe.gutheinz@gutheinz.com

**SEIGFREID BINGHAM, PC**
**(Lead Counsel)**
Christopher M. McHugh (KS 19889)
cmchugh@sb-kc.com
2323 Grand Blvd., 10th Floor
Kansas City, Missouri  64108
T: (816) 265-4148
F: (816) 474-3447

*Attorneys for Nancy Lee Carlson*

2

## Certificate of Service

On December 20, 2016, a copy of the foregoing in .pdf format was sent by email to AUSA Annette Gurney at annette.gurney@usdoj.gov, and deposited in the United States Mail, postage prepaid, addressed to Kenneth Magidson, United States Attorney, Office of the U.S. Attorney, Southern District of Texas, 1000 Louisiana, Suite 2300, Houston, Texas, 77002.

By:   /s/ Christopher M. McHugh

1102404v1