UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NANCY LEE CARLSON,<br>   Movant,<br>vs.<br><br>THE UNITED STATES OF AMERICA,<br>and THE NATIONAL AERONAUTICS<br>AND SPACE ADMINISTRATION,<br>   Respondents. | §<br>§<br>§  CASE NO. 16-MC-2983<br>§<br>§<br>§<br>§<br>§ |

**UNITED STATES RESPONSE TO
CLAIMANT'S RULE 41(g) MOTION**

The United States of America, through the United States Attorney for the Southern District of Texas, responds to Nancy Lee Carlson's ("Movant") Rule 41(g) motion for return of property filed on December 20, 2016 (Docket No. 1), and states:

**Background and Procedural History**

The background and most of the procedural history of this matter is set out in detail in the Memorandum and Order of United States District Court Judge J. Thomas Marten in *United States v. Max Ary*, case number 6:05-10053, District of Kansas. The Memorandum and Order is attached to the Movant's Motion (*see* Docket No. 1-1).

The item being sought by Movant is a "Flown Lunar Sample Return Bag with Lunar Dust" ("Lunar Bag") that Movant purchased at auction in February 2015. Following the purchase, on August 21, 2015, Movant contacted NASA in Houston, Texas, and sent the Lunar Bag to NASA to determine if it contained "lunar material." NASA has not returned the Lunar Bag to Movant because the bag contains lunar material which the general public may not possess.[1]

---

[1] The Lunar Bag contains lunar dust which cannot be entirely removed from the bag.

Movant filed a Rule 41(g), Fed. R. Crim. P., Motion for Return of Property in The United States District Court for the District of Kansas on October 13, 2016. (*See* Docket No. 210 in Case No. 6:05-cr-10053-JTM). The Court issued its Memorandum and Order denying Movant's motion after a thorough consideration of the proceedings and record, because, as the Court noted, Rule 41(g) requires that such a motion be filed "in the district where the property was seized." Movant then filed the pending Motion in this Court on December 20, 2016 (Docket No. 1), because the Lunar Bag is physically located at NASA in Houston, Texas.

## Argument

In 1958, following the Soviet launch of its Sputnik mission, Congress enacted the National Aeronautics and Space Act (Title 42, United States Code, Section 2473, repealed Pub. L. 111-314, §6, Dec. 18, 2010, 124 Stat. 3444) which established the National Aeronautics and Space Administration ("NASA"). Congress vested NASA with the responsibility to conduct activities "so as to contribute materially to . . . the expansion of human knowledge of the Earth and of the phenomena in the atmosphere and space." Section 102(d)(1) of the Space Act. Congress also created limited and narrow exceptions to otherwise strict policies regarding ownership of space-related items. For example, Congress passed legislation allowing a small group of astronauts (from Mercury, Apollo, and Gemini missions) to own certain expendable space-related items not expressly requested to be returned upon the completion of their mission such as, personal logs, checklists, and flight manuals. (*See* Public Law 112-185, October 5, 2012, 126 Stat. 1425) (copy attached as Attachment A).

Public Law 112-185 expressly excludes astronauts from owning lunar rocks and other lunar material. Id. In other words, not even the astronaut who flew the mission to the moon can

possess "lunar material."  If an astronaut cannot possess this material certainly a non-astronaut like Movant cannot possess it.   Accordingly, Movant's motion for return should be denied.

## Conclusion

Movant paid $995 for the Lunar Bag.   Since PL 112-185 precludes return of the bag, the United States will pay Movant $995 as just compensation.   If this amount is disputed, then, after experts opine on value, just compensation should be determined as appropriate.

Respectfully Submitted,

KENNETH MAGIDSON
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS

By: *s/ E. Vincent Carroll*
E. Vincent Carroll
Assistant United States Attorney
SDTX No. 1804030
1000 Louisiana, Suite 2300
Houston, TX   77002
Phone: 713-567-9331
Email:   Vincent.Carroll@usdoj.gov

*s/ Daniel D. Hu*
Daniel D. Hu
Assistant United States Attorney
SDTX No.
1000 Louisiana, Suite 2300
Houston, TX   77002
Phone:   713-567-9518
Email:   Daniel.Hu@usdoj.gov

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served on counsel of record via the Court's electronic filing system on February 13, 2017.

> By: *s/ E. Vincent Carroll*
> E. Vincent Carroll
> Assistant United States Attorney