IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| NANCY LEE CARLSON,<br><br>        *Movant*,<br>v.<br><br>The UNITED STATES OF AMERICA, and the NATIONAL AERONAUTICS AND SPACE ADMINISTRATION,<br><br>        *Respondents*. | Case No. 4:16-MC-2983 |

### REPLY IN SUPPORT OF NANCY LEE CARLSON'S
### MOTION FOR RETURN OF SEIZED PROPERTY

Nancy Lee Carlson respectfully submits this short memorandum in Reply to the Government's Response **(Instrument No. 7)** to her Motion for Return of Illegally Seized Property **(Instrument No. 1)**, and asks that the Government's one objection in this matter –that lunar material is somehow contraband – be overruled as unsupported in the law.

## Memorandum

### Procedural Background

This case began on August 3, 2016, in the United States District Court for the District of Kansas, with a Motion to Set Aside Forfeiture filed by the Government and the National Aeronautics and Space Administration (NASA) in an existing criminal case, *United States v. Max Ary*, case number 05-10053-01-JTM. The motion was an attempt to rescind the sale by the Government of a Lunar Sample Collection Bag to Nancy Lee Carlson. Carlson purchased the bag through an auction conducted by the U.S. Marshal's Service in February 2015.

1102404v1

In part, Carlson responded to the Government's motion with a counter-motion for return of the lunar bag, pursuant to Fed. R. Crim. P. 41(g). The bag was seized by NASA in late April 2016. The Government and NASA resisted that motion on two grounds. First, they argued the motion was filed in the wrong district because, "Pursuant to the unequivocal language of Rule 41(g) and Ms. Carlson's assertion that the bag was seized in the Southern District of Texas, Ms. Carlson's motion should have been filed in the Southern District of Texas." Second, the Government argued the motion for return of property was unnecessary because:

> Currently pending before this Court is the United States' amended motion regarding the lunar bag and the responses thereto. A decision by the Court will determine the rights of the United States and Ms. Carlson in regards to the lunar bag. Accordingly, Ms. Carlson has an adequate remedy at law and therefore, the Court should deny her Rule 41(g) motion.

The response is **attached**.

On December 14, 2016, Judge J. Thomas Marten denied the Government's Motion to Set Aside Forfeiture, based in large part on a finding that Carlson was a bona fide purchaser for value. He specifically found that "[Carlson] is entitled to possession of the bag," but denied Carlson's Motion for Return of Property because:

> According to the briefs, the bag was seized by NASA in Texas. As movant recognizes in her motion, Rule 41(g) requires that the motion "must be filed in the district where the property was seized." This court is accordingly without authority to grant such a motion.

*United States v. Max Ary*, case no. 05-10053-01-JTM, 2016 WL 7229277 *6 (D. Kan. December 14, 2016.) Pursuant to Fed. R. App. P. 4(a)(1)(B), the United States and NASA were allotted 60 days to appeal. That time has now passed and no notice of appeal was filed, cementing Judge Marten's ruling.

Despite all the above, the Government still refused to turn over possession of the lunar bag.  Accordingly, on December 20, 2016, Carlson filed the instant Motion for Return of Property with this Court, and attached Judge Marten's decision.  The Government and NASA responded on January 13, 2017, with a Motion to Dismiss **(Instrument No. 5)**.  The Court denied that motion *sua sponte* on January 24, 2017, and ordered the Government to file a Response to Carlson's motion by February 13, 2017.  In that Response, the Government raised only one objection.  It argued lunar material, in this case imbedded in the lunar bag at issue, is contraband and illegal to own.  The same argument was made before Judge Marten.  He rejected it, stating in his decision, "[Carlson] notes that lunar dust is not contraband and is not illegal to own." (Order on Motion to Set Aside Forfeiture p. 8, December 14, 2016.)

## Statement of the Issues

Judge Marten has already ruled that Carlson is the owner of the lunar bag at issue and entitled to possession.  The only thing left to do is order return of the lunar bag to Carlson.  Under Rule 41(g), when the Government holds property it has no right to possess, which is the case here, the Court has little discretion but to order return.  The Court an "impose reasonable conditions to protect access to the property and its use in later proceedings," but there are no "later proceedings" in this matter, as no one appealed Judge Marten's decision.

**Argument**

**1. Nothing in Public Law 112-185 makes lunar material contraband.**

The Government's entire argument is as follows:

> Public Law 112-185 expressly excludes astronauts from owning lunar rocks and other lunar material. In other words, not even the astronaut who flew the mission to the moon can possess "lunar material." If an astronaut cannot possess this material certainly a non-astronaut like Movant cannot possess it.

(Instrument No. 7 p. 2-3.) On first pass, the argument has trouble holding together, as a ban on astronauts possessing lunar material - even if it existed - would not necessarily and automatically extent to the general public. On actually reading Public Law 112-185, the argument completely falls apart, because that particular law does not ban anyone from owning or possessing anything.

A ready example of an actual ban on possession of something is 21 U.S.C. § 844, which starts, "It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, ..." Public Law 112-185 is the opposite. It does define any contraband. Instead, it automatically conveys title of certain space artifacts used on a mission by an astronaut to that astronaut. The law states:

> A United States astronaut who participated in any of the Mercury, Gemini, or Apollo programs through the completion of the Apollo-Soyuz Test Project, who received an artifact during his participation in any such program, shall have full ownership of and clear title to such artifact.

126 Stat 1425 (October 5, 2012). Lunar rocks and "other lunar material" are expressly excluded from the definition of "artifact" in PL 112-185, but that just means title to those things does not automatically transfer to an astronaut on return to Earth. Public Law 112-185 contains no prohibition against the Government selling lunar material, or astronauts or anyone else purchasing lunar material, as was the case here.

The Government must know this. As Judge Marten pointed out in his order, the Government in its own auction described the lunar bag at issue here as 'flown zippered lunar sample return bag *with lunar dust*.' *Ary*, case no. 05-10053-01-JTM, 2016 WL 7229277 *3 (D. Kan. December 14, 2016.)

**2. The Government's sole argument was previously presented and rejected by the District Court of Kansas.**

In addition to being wrong, the Government's argument is also an attempt to re-litigate the Kansas case. The claim that lunar material is somehow contraband was considered and rejected by Judge Marten in his decision finding Carlson entitled to ownership and possession of the lunar bag in dispute. The Government chose Kansas as its venue to litigate ownership and possession of this artifact, stated on the record it would abide by Judge Marten's decision, and let the time for appeal lapse. It is simply too late now to challenge that decision in any way. The only thing remaining is to enforce Judge Marten's ruling by ordering the Government and NASA to return the Apollo 11 Lunar Sample Collection Bag belonging to Carlson.

## Conclusion

There is nothing left to litigate in this case. The only thing remaining is return of the lunar sample collection bag to Nancy Carlson, which apparently is going to require a court order. Accordingly, for the reasons stated above and in her Motion for Return of Property, Nancy Lee Carlson respectfully requests an order of the Court commanding NASA and the Government to produce and hand over to Carlson the Apollo 11 Lunar Sample Collection Bag at issue, at the Johnson Space Center, on Saturday, February 25, 2017, at noon.

Respectfully Submitted,

SEIGFREID BINGHAM, PC

*Attorneys for Nancy Lee Carlson*

/s/ Christopher M. McHugh (KS 19889)
cmchugh@sb-kc.com
2323 Grand Blvd., 10th Floor
Kansas City, Missouri  64108
T: (816) 265-4148
F: (816) 474-3447

## Certificate of Service

On February 17, 2017, the foregoing was filed using the Clerk of the Court's CM/ECF electronic filing system, which will send a copy to E. Vincent Carroll at Vincent.Carroll@usdoj.gov.

By:   /s/ Christopher M. McHugh