IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | |
|     Plaintiff,     ) | |
| ) | |
| v.     ) | Case No. 05-10053-01-JTM |
| ) | |
| MAX ARY,     ) | |
| ) | |
|     Defendant.     ) | |
| _____) | |

**UNITED STATES' RESPONSE TO NANCY LEE CARLSON'S
MOTION FOR RETURN OF ILLEGALLY SEIZED PROPERTY**

COMES NOW the United States by and through Thomas E. Beall, Acting United States Attorney for the District of Kansas, and Annette Gurney, Assistant United States Attorney, and responds to Nancy Lee Carlson's Motion For Return Of Illegally Seized Property (Doc. 210). As set out in its Reply (Doc. 209), the United States contends that the National Aeronautics and Space Administration (NASA) did not illegally seize the lunar bag, and for support, incorporates herein the statements and authority set out in its Reply.  Additionally, the United States responds to Ms. Carlson's motion (Doc. 210) and shows how she is not entitled to relief as follows:

I.  THE COURT CANNOT GRANT RELIEF AS THE MOTION WAS FILED IN THE WRONG DISTRICT

Nancy Lee Carlson has filed a Motion For Return Of Illegally Seized Property pursuant to Federal Rule of Criminal Procedure 41(g).  In her motion Ms. Carlson contends that a lunar bag[1] was illegally seized by (NASA) in the Southern District of Texas on or about April 25,

---

[1] This is the same lunar bag at issue in the United States' Amended Motion to Set Aside Forfeiture and Rescind Sale of Lunar Bag (Doc. 204).

2016.  The Court cannot grant the relief sought by Ms. Carlson in her motion because the motion was filed in the wrong district.  Federal Rule of Criminal Procedure 41(g) provides in part:

> **Motion to Return Property.**  A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion **must** be filed in the district where the property was seized. . . (Emphasis added).

Pursuant to the unequivocal language of Rule 41(g) and Ms. Carlson's assertion that the bag was seized in the Southern District of Texas, Ms. Carlson's motion should have been filed in the Southern District of Texas, rather than the District of Kansas. *United States v. Long*, 2016 WL 3034010 *2 (D. Kan. May 26, 2016).  Ms. Carlson has not provided any legal authority that would allow this Court to consider her motion despite the fact that the motion was filed in the wrong district.  Accordingly, the Court should deny the Rule 41(g) motion (Doc. 210).

II.   THE COURT CANNOT GRANT RELIEF AS MS. CARLSON HAS AN ADEQUATE REMEDY AT LAW

Fed. R. Crim. P. 41(g) is considered an equitable remedy available only when the movant can show irreparable harm and an inadequate remedy at law.  *Clymore v. United States,* 164 F.3d 569, 571 (10th Cir. 1999); *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006) *cert. denied*, 127 S. Ct. 453 (2006).  Ms. Carlson is not entitled to relief under Rule 41(g) because she has an adequate remedy at law.  Currently pending before this Court is the United States' amended motion (Doc. 204) regarding the lunar bag and the responses thereto.  A decision by the Court will determine the rights of the United States and Ms. Carlson in regards to the lunar bag.  Accordingly, Ms. Carlson has an adequate remedy at law and therefore, the Court should deny her Rule 41(g) motion.

Additionally, nowhere in her motion does Ms. Carlson allege or demonstrate irreparable harm.  To the contrary, the lunar bag is secure and safe and will remain so until the Court makes its ruling.  As noted in the United States' Reply (Doc. 209), the retention of the bag by NASA was the only way to maintain the status quo of the parties' interests in the bag and to insure that the bag would be available should the United States prevail.  Since she has not demonstrated irreparable harm, Ms. Carlson is not entitled to relief pursuant to Rule 41(g).

WHEREFORE, for the reasons set out above, the United States respectfully ask the Court to deny any of the relief sought by Ms. Carlson in her Rule 41(g) motion.

Respectfully submitted,

THOMAS E. BEALL
Acting United States Attorney

/s/ Annette Gurney
ANNETTE GURNEY, #11602
Assistant United States Attorney
301 N. Main, Ste. 1200
Wichita, Kansas 67202
(316) 269-6481
annette.gurney@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2016, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

/s/ Annette Gurney
ANNETTE GURNEY
Assistant United States Attorney